668 A.2d 8

Robert M. JACKSON

v.

STATE of Maryland.

No. 21 Sept. Term, 1995.

Court of Appeals of Maryland.

Dec. 7, 1995.

Gina M. Serra, Assistant Public Defender, (Stephen E. Harris, Public Defender, on brief), Baltimore, for Appellant.

Gary E. Bair, Assistant Attorney General, (J. Joseph Curran, Jr., Attorney General, on brief), Baltimore, for Appellee.

Argued Before MURPHY, C.J., and ELDRIDGE, RODOWSKY, CHASANOW, KARWACKI, BELL and RAKER, JJ.

RAKER, Judge.

In this case we must determine whether the trial court abused its discretion by admitting a prior theft conviction to impeach the credibility of a defendant on trial for theft. We shall hold that the decision to permit same-crime impeachment

was within the trial court's discretion, and that prior convictions for offenses that are similar or identical to the charged crime are not per se inadmissible.

On January 28 and February 1, 1994, the Appellant, Robert M. Jackson, was tried by a jury in the Circuit Court for Baltimore City for theft of $300 or more in violation of Maryland Code (1957, 1992 Repl.Vol., 1995 Cum.Supp.) Article 27, § 342. At the trial, he elected to testify and denied any involvement in the crime. He was convicted and sentenced to five years imprisonment. He appealed his conviction to the Court of Special Appeals, and we issued a writ of certiorari on our own motion before consideration of the issues by that court.

## I.

On the morning of October 11, 1993, Neil McCabe, a supervisor in Lombard Hall at the University of Maryland at Baltimore, learned that a computer had been stolen from that building. The Appellant, a student at Morgan State University who had worked for McCabe the preceding summer, was charged with the theft.

Edward White, a housekeeper at the University, testified that while he was working at Lombard Hall on the evening of October 8, 1993, he saw the Appellant in the building on three occasions. The first time was at approximately 5:30 p.m., when Appellant came to the building and said that he did not have his access card but needed to be admitted to do work for McCabe. White admitted Appellant and then returned to his housekeeping duties. He saw the Appellant a second time at around 6:00 p.m. coming from a lighted area in the building. White also noticed that two boxes marked with the University emblem that were used to collect recyclable paper were missing. White left the building at about 8:00 p.m., and when he returned at around 10:30 p.m., he saw two recyclable boxes on the main floor of the building. The boxes contained computer units. White then saw the Appellant a third time, standing next to the boxes. Appellant told him that he was

taking the computers home to do some work for McCabe. Appellant then placed the boxes in his vehicle and drove away.

White subsequently identified Appellant as the person he saw that evening, and McCabe denied giving Appellant permission to remove the computer equipment from the building. Based on this evidence, the police went to Appellant's home and, in a nearby alley, they saw Appellant discarding two white, University of Maryland boxes. Appellant was arrested and charged with one count of theft of $300 or more.

Before trial, Appellant filed a motion *in limine* to exclude evidence of his involvement in two prior thefts in 1991. In the first case, Appellant received a probation before judgment disposition. In the second case, Appellant was convicted of three counts of theft arising from the same incident: theft of $300 or more, theft under $300, and conspiracy to commit theft. Defense counsel argued that a probation before judgment disposition is inadmissible for impeachment purposes because it is not a criminal conviction. Defense counsel also argued that the prior conviction was unduly prejudicial because it was for theft, the same crime as the charge before the court. He contended that allowing the State to impeach Jackson with a prior conviction for the same crime as the charged offense would lead the jury to infer improperly that because Appellant had previously been convicted of theft, he must be guilty in the present case.

The trial judge granted the motion *in limine* with respect to the probation before judgment disposition but denied the motion with respect to the theft conviction. She ruled that if Appellant elected to testify at trial, the prior theft conviction would be admissible for impeachment purposes under Maryland Rule 5-609, because the probative value outweighed the prejudicial effect.

Appellant was tried before a jury on January 28 and February 1, 1994. He denied guilt and presented an alibi defense supported by two corroborating witnesses. Rosalyn Jenkins, Appellant's neighbor, testified that on the evening of October 8, 1993, Jackson stayed at her apartment from 10:00 or 10:30

p.m. until the following morning. Mr. Long, a college student, testified that he saw Appellant at a rally at Johns Hopkins University at approximately 8:00 p.m. on the evening of this incident.

Appellant also testified. According to his testimony, on the evening of October 8, he attended a lecture at Johns Hopkins University, arriving at approximately 7:30 p.m. and returning home at 9:00 p.m. When he arrived at home, he saw that his clothes were strewn around his apartment and concluded that someone had broken in while he was gone. Because the window in his bedroom had been broken, he spent the night at the apartment of his neighbor, Ms. Jenkins. He also explained the presence of the white, recyclable boxes discovered in the nearby alley, testifying that he had removed the boxes from the University during his summer employment and had used them as trash bins.

On cross-examination, the State asked Appellant whether he had previously been convicted of a crime involving dishonesty. Appellant admitted a prior conviction but denied knowing the name of the offense. The State then offered a certified copy of the docket entry from the Circuit Court for Prince George's County as proof of the 1991 theft conviction. Appellant was convicted and sentenced to five years imprisonment.

## II.

Maryland Rule 5–609 governs the admissibility of prior convictions to impeach a witness. The Rule provides in pertinent part:[1]

---

1. The Rule also includes several other limitations:

   (b) Time Limit.—Evidence of a conviction is not admissible under this Rule if a period of more than 15 years has elapsed since the date of the conviction.
   (c) Other Limitations.—Evidence of a conviction otherwise admissible under section (a) of this Rule shall be excluded if:
   (1) the conviction has been reversed or vacated;
   (2) the conviction has been the subject of a pardon; or

**(a) Generally.**—For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime shall be admitted if elicited from the witness or established by public record during examination of the witness, but only if (1) the crime was an infamous crime or other crime relevant to the witness's credibility and (2) the court determines that the probative value of admitting this evidence outweighs the danger of unfair prejudice to the witness or the objecting party.

■ Appellant argues that the trial court abused its discretion in admitting evidence of his prior theft conviction to impeach him because the prejudice outweighed the probative value.[2] He contends that the similarity of the prior crime to the charged offense rendered the prior conviction so prejudicial as to outweigh any probative value that it may have had. We disagree. Under Rule 5–609, prior convictions for the same or similar offenses as the charged offense are not automatically excluded. The similarity between the prior conviction and the current charge is only one factor the trial court should consider in determining whether to admit the conviction.

In rejecting a rigid approach to the use of prior convictions, we follow the trend toward increasing flexibility that has marked the historical development of Rule 5–609. At common

---

(3) an appeal or application for leave to appeal from the judgment of conviction is pending, or the time for noting an appeal or filing an application for leave to appeal has not expired.
Md.Rule 5–609(b) & (c).

**2.** Appellant also argues that even if the trial judge correctly admitted the prior theft conviction, she should not have allowed the State to mention all three convictions arising from the theft. On cross examination, the prosecutor asked the Appellant, "Mr. Jackson, does this refresh your memory that the court found you guilty of one count of theft under $300, one count of theft over $300, and one count of conspiracy to commit theft and you were sentenced to five years suspended and five years probation?" Appellant argues that allowing the State to use all three convictions was likely to mislead the jury, by suggesting that Jackson had committed three separate thefts. This issue, however, was not raised before the trial court and thus is not preserved for our review.

law, a person who had been convicted of an infamous crime or a crime involving dishonesty was incompetent to testify at any trial. *State v. Giddens*, 335 Md. 205, 214, 642 A.2d 870, 874 (1994); *Prout v. State*, 311 Md. 348, 359, 535 A.2d 445, 450 (1988). The Legislature removed this disqualification by enacting Chapter 109 of the Acts of 1864, which permitted a person who had been convicted of an infamous crime to testify, but provided that the prior conviction could be admitted to impeach that person's credibility. *Prout*, 311 Md. at 359, 535 A.2d at 450. This statute is now found in Maryland Code (1995 Repl.Vol.) § 10–905 of the Courts and Judicial Proceedings Article.[3] While ameliorating the harsh common law rule disqualifying a person from testifying, "rather than allow these witnesses to testify free from the taint of their prior infamous convictions, the legislature chose to make these convictions admissible for impeachment purposes." *Prout*, 311 Md. at 359, 535 A.2d at 450.

Rule 5–609 now governs the admissibility of impeachment by evidence of conviction of a crime.[4] The Rule creates a three-part test for determining whether a conviction is admissible for impeachment purposes. *Giddens*, 335 Md. at 213, 642 A.2d at 874. First, a conviction must fall within the eligible universe to be admissible. This universe consists of two categories: (1) infamous crimes, and (2) other crimes relevant to the witness's credibility. Md.Rule 5–609(a). Second, if the crime falls within one of these two categories, the proponent must establish that the conviction is less than fifteen years old. Md.Rule 5–609(b). Finally, the trial court must weigh the probative value of the impeaching evidence

---

3. Section 10–905(a) provides in pertinent part that:

   *In general.*—Evidence is admissible to prove the interest of a witness in any proceeding, or the fact of his conviction of an infamous crime. To the extent that this section is inconsistent with the Rule bearing on impeachment by prior crimes, the Rule controls. *Beales v. State*, 329 Md. 263, 273, 619 A.2d 105, 110 (1994).

4. Maryland Rule 5–609, adopted July 1, 1994, was derived from Federal Rule of Evidence 609 and Maryland Rule 1–502. Rule 5–609 and former Rule 1–502 are virtually the same, with only stylistic differences.

against the danger of unfair prejudice to the defendant. Md. Rule 5–609(c).

We are concerned here only with the third step—the trial court's exercise of its discretionary power and the weighing of the evidence—because Appellant concedes that the other two prongs of the test for admissibility are satisfied. First, the offense of theft falls within the eligible universe of admissible crimes because it is the "embodiment of deceitfulness," *Beales*, 329 Md. at 270, 619 A.2d at 108, and thus bears on credibility. *Id.*, 619 A.2d at 108. Second, with respect to timeliness, the 1991 theft conviction is sufficiently recent to satisfy the Rule's fifteen-year time limit. Appellant specifically complains that he was unfairly prejudiced because he was on trial for theft, and he was impeached with prior convictions for theft. In essence, he proposes mandatory exclusion of all prior convictions where those convictions are for the same type of crime as the offense that is charged.

We begin our discussion of the admissibility of a prior conviction for impeachment purposes as we did in *Ricketts v. State*, 291 Md. 701, 436 A.2d 906 (1981), by "recognizing that in our system of criminal justice every defendant has the right to testify in his own defense." *Id.* at 703, 436 A.2d at 907. The State also has the right to impeach a defendant by presenting evidence of past convictions. *Id.*, 436 A.2d at 907. This right is premised on the proposition that such evidence will assist the factfinder in measuring the credibility of the witness. *Id.*, 436 A.2d at 907. The difficulty arises in balancing these two rights.

The current rule governing impeachment by evidence of conviction of a crime requires the trial judge to weigh the probative value against the unfair prejudice for all convictions used to impeach credibility. In *Beales v. State*, 329 Md. 263, 619 A.2d 105 (1993), we said that "new Rule 1–502(a), by design, differs from earlier Maryland law in that it *abandons every vestige of per se admissibility* regarding evidence of prior convictions for the purposes of impeachment." *Id.* at 272, 619 A.2d at 110 (emphasis added). In *Beales*, during the

State's cross-examination of a defense witness, the prosecutor asked the witness whether he had ever been convicted of a crime of dishonesty. The trial judge, in admitting the prior conviction, rejected defense counsel's argument that before any prior conviction may be admitted to impeach a witness, the court must make a preliminary determination that the probative value of the evidence outweighs the prejudice. *Id.* at 268, 619 A.2d at 107–08. We reversed and held that the Rule (1–502) "requires a preliminary determination of probativeness and potentially unfair prejudice for *all* convictions used to impeach credibility." *Id.* at 270, 619 A.2d at 109.

██ Here, as in *Beales, id.,* 619 A.2d at 109, we reject a rigid approach to the use of prior crimes for impeachment. Thus, we conclude that a prior conviction that is the same as or similar to the crime charged is not *per se inadmissible,* but is subject to the probative-prejudice weighing process under Rule 5–609. The balancing prong of the rule contains no language prohibiting the use of similar prior crimes. Furthermore, we believe a per se rule barring same-crime impeachment would deny trial judges needed flexibility. Establishing such a per se rule would have the additional undesirable effect of shielding a defendant who specializes in a particular crime from cross-examination regarding his specialty crimes. *People v. Varella,* 213 A.D.2d 184, 623 N.Y.S.2d 233, 233 (1995); *People v. Jay,* 187 A.D.2d 454, 589 N.Y.S.2d 529, 530 (1992). We therefore reject Appellant's contention that same-crime impeachment evidence is per se inadmissible.

While impeachment of a witness by prior conviction has long been a part of Maryland law, we have also recognized the danger in admitting such evidence and particularly its potential to discourage defendants from testifying in their own behalf.[5] *Ricketts,* 291 Md. at 703, 436 A.2d at 908; *see also*

---

5. To minimize some of the negative effects of impeachment through use of prior convictions, several courts have allowed the use of the prior conviction to attack credibility without permitting disclosure of the specific offense, a procedure sometimes referred to as "sanitization." *See, e.g., State v. Brunson,* 132 N.J. 377, 625 A.2d 1085 (1993); *State v.*

*Gordon v. United States,* 383 F.2d 936, 940 (D.C.Cir.1967), *cert. denied,* 390 U.S. 1029, 88 S.Ct. 1421, 20 L.Ed.2d 287 (1968). *Cf. United States v. Sims,* 588 F.2d 1145, 1150 (6th Cir.1978); *United States v. Moore,* 917 F.2d 215, 235 (6th Cir.1990), *cert. denied,* 499 U.S. 963, 111 S.Ct. 1590, 113 L.Ed.2d 654 (1991). In *Ricketts,* Judge Cole, writing for the Court, noted:

> The danger in admitting prior convictions as evidence to impeach the defendant stems from the risk of prejudice. The jury may improperly infer that the defendant has a history of criminal activity and therefore is not entitled to a favorable verdict. Such evidence may detract from careful attention to the facts, despite instructions from the Court, influencing the jury to conclude that if the defendant is wrongfully found guilty no real harm is done. Where the crime for which the defendant is on trial is identical or similar to the crime for which he has been previously convicted the danger is greater, as the jury may conclude that because he did it *before* he most likely has done it *again.* The net effect of such evidence is often to discourage the defendant from taking the stand.
>
> Thus, the role of the trial judge takes on added importance. It becomes his function to admit only those prior convictions which will assist the jury in assessing the credibility of the defendant. The trial judge must weigh the probative value of the convictions against the prejudice to the defendant in asserting his defense.

*Ricketts,* 291 Md. at 703–04, 436 A.2d at 907–08.

We adopted Rule 5–609 to minimize this danger of prejudice. The Rule is designed to prevent a jury from convicting a defendant based on his past criminal record, or because the jury thinks the defendant is a bad person. *See Gordon,* 383 F.2d at 940. *Cf. Sims,* 588 F.2d at 1150; *Moore,* 917 F.2d at 235. The Rule therefore imposes limitations on

---

*Rutchik,* 116 Wis.2d 61, 341 N.W.2d 639 (1984); *Harmon v. Commonwealth,* 212 Va. 442, 185 S.E.2d 48 (1971).

the use of past convictions in an effort to discriminate between the informative use of past convictions to test credibility, and the pretextual use of past convictions where the convictions are not probative of credibility but instead merely create a negative impression of the defendant.

This risk of prejudice is particularly great where the crime for which the defendant is on trial is identical or similar to the crime of which he has previously been convicted. As we noted in *Prout v. State,*

> [A] prior conviction which is similar to the crime for which the defendant is on trial may have a tendency to suggest to the jury that if the defendant did it before he probably did it this time.

311 Md. at 364, 535 A.2d at 453. Rule 5–609 therefore requires the trial judge to perform his or her duty of weighing the legitimate probative value of the cross-examination against the illegitimate tendency to prejudice.

Maryland Rule 5–609 was derived from Federal Rule 609 and Maryland Rule 1–502. Although the Maryland Rule differs from the Federal Rule in some material ways,[6] both rules impose the same requirement that the trial court engage in a balancing process to determine whether the probative value outweighs the prejudicial effect.[7] Therefore we will look to federal cases interpreting the federal rule for guidance in interpreting the balancing prong of our state rule. While "the very nature of judicial discretion precludes rigid standards for its exercise," *Gordon,* 383 F.2d at 941, the federal courts have

---

**6.** Under Federal Rule 609, prior convictions of crimes involving dishonesty or false statement are per se admissible, Fed.R.Evid. 609(a)(2), while prior convictions of felonies are admissible only if the probative value outweighs the prejudicial effect. Fed.R.Evid. 609(a)(1). *See McCormick on Evidence* § 42, at 153 (4th ed. 1992) (describing the Rule as the "product of compromise").

**7.** *See, e.g., United States v. Cook,* 608 F.2d 1175, 1185 (1979) (Federal Rule 609(a)(1) requires the trial judge to weigh the probative value of the impeaching conviction against the prejudice to the defendant), *cert. denied,* 444 U.S. 1034, 100 S.Ct. 706, 62 L.Ed.2d 670 (1980).

developed a number of factors to guide trial judges in this endeavor. *See id.* at 940.

■ Numerous courts around the country have established guidelines to be considered in weighing the probative value of a past conviction against the prejudicial effect. *See, e.g., id.;* *United States v. Mahone,* 537 F.2d 922, 929 (7th Cir.1976), *cert. denied,* 429 U.S. 1025, 97 S.Ct. 646, 50 L.Ed.2d 627 (1976). These factors are (1) the impeachment value of the prior crime; (2) the point in time of the conviction and the defendant's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the defendant's credibility. *Mahone,* 537 F.2d at 929. While these factors should not be considered mechanically or exclusively, we believe they may be a useful aid to trial courts in performing the balancing exercise mandated by the Rule.

■ Although trial judges are not obliged to detail every step of their logic, *Beales,* 329 Md. at 273, 619 A.2d at 110, we urge trial judges when discharging this duty to place the specific circumstances and factors critical to the decision on the record. In *Mahone,* the court set forth the following recommended procedure:

> In the future, to avoid the unnecessary raising of the issue of whether the judge has meaningfully invoked his discretion under Rule 609, we urge trial judges to make such determinations after a hearing on the record, as the trial judge did in the instant case, and to explicitly find that the prejudicial effect of the evidence to the defendant will be outweighed by its probative value. When such a hearing on the record is held and such an explicit finding is made, the appellate court easily will be able to determine whether the judge followed the strictures of Rule 609 in reaching his decision.

The hearing need not be extensive. Bearing in mind that Rule 609 places the burden of proof on the government,[8] the judge should require a brief recital by the government of the circumstances surrounding the admission of the evidence, and a statement of the date, nature and place of the conviction. The defendant should be permitted to rebut the government's presentation, pointing out to the court the possible prejudicial effect to the defendant if the evidence is admitted.

537 F.2d at 929 (footnote added) (citations omitted).

In sum, we hold that the similarity of the prior conviction to the offense charged does not, absent other considerations, require exclusion. Evidence of a prior conviction for a crime that is similar or identical to the charged crime is subject to the balancing of its probativeness against its potential for unfair prejudice. Although the *Mahone* guidelines include a factor related to the degree of similarity between the prior conviction and the charged offense, this is only one consideration and should not be viewed in isolation.

The approach we adopt today appears to be in line with the view of the majority of state and federal courts in this country. *See, e.g., United States v. Alexander,* 48 F.3d 1477 (9th Cir.1995); *United States v. Moore,* 917 F.2d 215 (6th Cir. 1990), *cert. denied,* 499 U.S. 963, 111 S.Ct. 1590, 113 L.Ed.2d 654 (1991); *People v. Green,* 34 Cal.App.4th 165, 40 Cal. Rptr.2d 239 (2 Dist.1995); *People v. Grengler,* 247 Ill.App.3d 1006, 187 Ill.Dec. 278, 617 N.E.2d 486, 493 (App. 2 Dist.1993); *State v. Moya,* 138 Ariz. 12, 672 P.2d 964 (App.1983). Courts have been particularly inclined to allow same-crime impeachment where the defendant has presented an alibi, *Alexander,* 48 F.3d at 1489; *United States v. Oaxaca,* 569 F.2d 518, 527 (9th Cir.1978), *cert. denied,* 439 U.S. 926, 99 S.Ct. 310, 58

---

8. In determining whether a prior conviction should be admitted for impeachment, the burden of persuasion is on the proponent of the evidence. *See, e.g., State v. McClure,* 298 Or. 336, 692 P.2d 579, 589 n. 8 (1984). In this case, therefore, the State had the burden of showing that the probative value of the prior conviction outweighed the prejudice.

L.Ed.2d 319 (1978), rendering his credibility particularly important, or where the defendant has attempted to present himself to the jury as someone "of stellar character." *United States v. Browne,* 829 F.2d 760, 764 (9th Cir.1987), *cert. denied,* 485 U.S. 991, 108 S.Ct. 1298, 99 L.Ed.2d 508 (1988); *United States v. Cook,* 608 F.2d 1175, 1187 (9th Cir.1979), *cert. denied,* 444 U.S. 1034, 100 S.Ct. 706, 62 L.Ed.2d 670 (1980).

### III.

In the present case, we find that the trial judge's decision reflects a proper exercise of the discretion vested in her under Rule 5–609. We find that the trial court properly balanced the various factors in this case and did not abuse its discretion in admitting the Appellant's prior conviction for theft. When the trial court exercises its discretion in these matters, we will give great deference to the court's opinion. *Prout v. State,* 311 Md. 348, 363–64, 535 A.2d 445, 452 (1988); *Fleming v. Prince George's County,* 277 Md. 655, 679, 358 A.2d 892, 905 (1976); *see also United States v. De La Cruz,* 902 F.2d 121 (1st Cir.1990). Consistent with our prior cases, this court will not disturb that discretion unless it is clearly abused.[9]

---

**9.** In his Article, *Judicial Discretion of the Trial Court, Viewed From Above,* 22 Syracuse L.Rev. 635 (1971), Professor Maurice Rosenberg set out "to help judges approach the problem of discretion reflectively and purposefully in order to avoid using its powers reflexively and aimlessly." *Id.* at 636. Explaining the reason for bestowing discretion on the trial judge, Professor Rosenberg wrote:

> The final reason—and probably the most pointed and helpful one—for bestowing discretion on the trial judge as to many matters is, paradoxically, the superiority of his nether position. It is not that he knows more than his loftier brothers; rather, he sees more and senses more. In the dialogue between the appellate judges and the trial judge, the former often seem to be saying: "You were there. We do not think we would have done what you did, but we were not present and we may be unaware of significant matters, for the record does not adequately convey to us all that went on at the trial. Therefore, we defer to you."

*Id.* at 663.

■ The trial court's discussion demonstrates its understanding of the balancing process. The judge excluded the probation before judgment disposition, noting that because it is not a conviction, it is not admissible for impeachment purposes. Thus for the probation before judgment, the court never reached the third step, the balancing determination. With respect to the theft conviction, the court recognized that "theft is one of those things that clearly, without question, has a bearing on credibility. The issue really is whether, you know, again the prejudice to the defendant versus the probative value." Judge Smith's remarks clearly indicate her understanding of the issues before her, and the obligation of the court:

> [A]s I understand the law as it stands at this point under the Maryland Rules of Procedure, the Court is required to ... have a hearing, weigh and assess the issues of the prejudice to defendant, the probative value.
>
> I understand that this defendant is on trial here for theft. I understand the potential harm, but I also understand that it is the Court's obligation to balance all of these things, considering again ... [that] theft is one of those crimes for which there has never been an issue or question about its relevance regarding credibility. It is one of those crimes which is in and of itself involved with dishonesty, so I think that is certainly a very strong factor in favor of its use for impeachment purposes.
>
> ... [In] this case, the charges go back to March of 19—or the conviction goes back to March of 1991. It is fairly recent memory. It is not so remote as to perhaps not have bearing. I don't think that any and every defendant charged with theft is entitled to have impeachment evidence excluded because he is on trial for the same thing again. And in this case, I am satisfied that the State, if the defendant chooses to testify, may inquire as to the conviction for the fairly recent theft in March of 1991.

Applying the *Mahone* factors to this case, four of the five factors weighed in favor of admitting the prior theft conviction. First, the offense of theft, because of its inherent

deceitfulness, is universally recognized as conduct which reflects adversely on a witness's honesty. *Beales,* 329 Md. at 270, 619 A.2d at 108; *Gordon,* 383 F.2d at 940. Second, Appellant's prior theft conviction was less than three years old. The trial judge noted that if it had been more remote in time, she might have excluded the conviction. As discussed above, however, the third factor, similarity of the prior conviction to the charged offense, weighs against admission.

In applying the fourth and fifth factors in the *Mahone* analysis—the importance of the defendant's testimony and the centrality of the defendant's credibility—we recognize that they differ from the first three, because these two factors can be interpreted to weigh either for or against admitting prior convictions.[10] *See State v. McClure,* 298 Or. 336, 692 P.2d 579, 591 & n. 11 (1984); *compare State v. Gentry,* 747 P.2d 1032 (Utah 1987) *with United States v. Browne,* 829 F.2d 760 (9th Cir.1987), *cert. denied,* 485 U.S. 991, 108 S.Ct. 1298, 99 L.Ed.2d 508 (1988). Factors four and five are restatements of the considerations that underlie the Rule: balancing the defendant's right to testify against the State's right to impeach the witness on cross-examination. *McClure,* 298 Or. 336, 692 P.2d at 591 n. 11; *see also State v. Carden,* 58 Or.App. 655, 650 P.2d 97, 100–01 (1982). Where credibility is the central issue, the probative value of the impeachment is great, and thus weighs heavily against the danger of *unfair* prejudice. The Appellant's credibility clearly was central to this case;

---

**10.** In *McClure,* the Oregon Supreme Court acknowledged the interplay between the importance of the defendant's testimony and the centrality of the defendant's credibility, explaining how these factors were used to argue both for and against admission of prior convictions:

[T]he prosecution, relying on the fifth factor, made a strong argument that it was of critical importance that the jury be exposed to every available item of evidence that was relevant on the issue of the defendant's credibility as a witness, including evidence of the defendant's prior criminal convictions. The defendant, relying on the fourth factor, made an argument that it was important that the defendant be able to take the stand and relate his side of the story to the jury, undeterred by the prospect of prior-conviction impeachment.

298 Or. 336, 692 P.2d 579, 591 (1984).

therefore, it was important for the State to be able to present evidence bearing on credibility. Thus, we resolve the balance between the two factors in favor of admitting the Appellant's prior theft conviction.

In the present case, the Appellant portrayed himself as a college student, a member of the United States Navy Reserves, and a summer employee of the University of Maryland entrusted with responsibilities for payroll, job site management, and supervision of approximately 30 high school students. It would be patently unfair to permit the Appellant to present this "stellar" picture to the jury but to preclude the State from presenting evidence which would contradict this image. *See Cook,* 608 F.2d at 1187. Moreover, the State did not overemphasize Appellant's prior convictions and, notably, never even mentioned the prior theft conviction in its closing argument. In addition, the trial court limited any prejudicial effect by instructing the jury to consider the evidence only in evaluating Jackson's credibility and for no other purpose. *See* MPJI–Cr. 3:22 A; *see also Moore,* 917 F.2d at 235.

We are unable to say that the trial court abused its discretion in permitting the state to impeach Appellant with evidence of his prior conviction for theft. Even though the prior felony conviction was for the same crime as the charged offense, the prejudice did not thereby outweigh the probative value.

***JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE CITY AFFIRMED. COSTS TO BE PAID BY THE APPELLANT.***

BELL, Judge, dissenting.

The issue this case presents is whether a defendant's prior convictions [1] for theft and theft related offenses are admissible

---

1. The risk of prejudice is compounded when the impeachment evidence consists of more than one prior conviction for the same crime that is on trial. In that circumstance, the jury is even more likely to misuse the evidence—to conclude that because the defendant committed the same crime on more than one occasion, he probably committed it on this

to impeach that defendant when he or she is on trial for theft. Stated more particularly, the question is whether the probative value of the prior convictions outweighs their prejudicial effect. The majority affirms the appellant's convictions, holding that the trial court did not abuse its discretion by permitting the State to use his prior theft and theft related convictions to impeach the appellant, who is on trial for theft. In the process, the majority observes that prior convictions similar to the conviction on trial are not *"per se* inadmissible." 340 Md. 705, 714, 668 A.2d 8, 13 (1995). Because I believe the majority's analysis is fatally flawed, I dissent.

The appellate courts of this State have long recognized, and been sensitive to, the risk of prejudice that the admission, for impeachment purposes, of prior convictions against a defendant presents. *See e.g. Ricketts v. State,* 291 Md. 701, 703–4, 436 A.2d 906, 907–8 (1981); *Bane v. State,* 73 Md.App. 135, 142, 533 A.2d 309, 313 (1987), citing *Burrell v. State,* 42 Md.App. 130, 399 A.2d 1354 (1979). That danger is that a jury likely may infer from a prior conviction that the defendant is guilty of the crime for which he or she is presently on trial. *Ricketts,* 291 Md. at 703–04, 436 A.2d at 907–08; *Bane,* 73 Md.App. at 142–43, 533 A.2d at 313; *Burrell,* 42 Md.App. at 136, 399 A.2d at 1357. The risk of prejudice is increased significantly, our courts recognize, when the prior conviction is similar, or identical, to the crime on trial. *See Woodland,* 337 Md. at 526–27, 654 A.2d at 1317–18; *State v. Giddens,* 335 Md. 205, 221, 642 A.2d 870, 878 (1994) (quoting *Prout v. State,* 311

---

occasion. The majority contends that the effect of admitting multiple prior convictions for the same crime is not before us since it was not raised before the trial court. 340 Md. 705, 710–11, 668 A.2d 8, 11 (1995). We review the trial court's evidentiary ruling on the basis of the entire record. *State v. Woodland,* 337 Md. 519, 526, 654 A.2d 1314, 1317 (1995), citing *Beales v. State,* 329 Md. 263, 273–74, 619 A.2d 105, 110 (1993). Thus whether or not the issue was raised below, it was appropriately a part of the balancing process. In any event, Rule 8–131(a) gives this Court the discretion to consider issues not raised below where not to consider them would result in a miscarriage of justice. *County Council of Prince George's County v. Offen,* 334 Md. 499, 508–09, 639 A.2d 1070, 1074–75 (1994).

Md. 348, 364, 535 A.2d 445, 453 (1988) ("[an] important factor to remember is that a prior conviction which is similar to the crime for which the defendant is on trial may have a tendency to suggest to the jury that if the defendant did it before he probably did it this time")); *Ricketts*, 291 Md. at 703, 436 A.2d at 908 ("where the crime for which the defendant is on trial is identical to or similar to the crime for which he has been previously convicted the danger is greater, as the jury may conclude that because he did it before he most likely has done it again"); *Dyce v. State*, 85 Md.App. 193, 200, 582 A.2d 582, 585–86 (1990) ("in the case before us, the crime for which appellant was already on trial is virtually identical to the crime for which he has been previously convicted. Under these circumstances, admission of the prior conviction constituted a clear abuse of discretion by the trial judge . . ."); *Carter v. State*, 80 Md.App. 686, 694, 566 A.2d 131, 135 (1989) (the court observed that where the charged crime and the crime for which the defendant previously had been convicted were not similar, the "evidence had no tendency to suggest to the jury that appellant was repeating a crime he had committed in the past"); *Bane*, 73 Md.App. at 142, 533 A.2d at 313 ("prejudice is especially dangerous when the earlier crime is similar to that for which the defendant is currently being tried").

Prior to January 1, 1992, infamous crimes [2] were *per se* admissible. *See* Maryland Code (1973, 1989 Repl.Vol.) § 10–905(a) of the Courts & Judicial Proceedings Article [3]; *Prout*,

---

**2.** An infamous crime is one which, because of its moral turpitude, impressed upon its perpetrator such a moral taint that to permit him or her to testify in the legal proceedings would injuriously affect the public administration of justice. They included treason, felony, perjury, forgery, and other offenses classified generally as *crimen falsi*. *Cousins v. State*, 230 Md. 2, 5, n. 1, 185 A.2d 488, 489, n. 1 (1962) (quoting *Garitee v. Bond*, 102 Md. 379, 383, 62 A. 631, 633 (1905)).

**3.** Maryland Code (1973, 1989 Repl.Vol.) § 10–905(a) provided:

(a) *In general.*—Evidence is admissible to prove the interest of a witness in any proceeding, or the fact of his conviction of an infamous crime. Evidence of conviction is not admissible if an appeal is pending, or the time for an appeal has not expired, or the conviction has been reversed, and there has been no retrial or re-conviction.

311 Md. at 363, 535 A.2d at 452.  It was not required that the trial judge weigh the probative value of the infamous crime against its prejudicial effect.  That was required only in the case of crimes that were not infamous, but which otherwise had an effect on credibility.  *See Prout*, 311 Md. at 363, 535 A.2d at 452.  Thus, no matter how great the risk of prejudice the admission of a prior conviction of an infamous crime presented, when the conviction was a final one and offered by the State to impeach the defendant, the trial judge had no discretion to deny its admission.  *Wicks v. State*, 311 Md. 376, 383, 535 A.2d 459, 462 (1988).

Adopted November 1, 1991, to take effect January 1, 1992, Maryland Rule 1–502 significantly impacted the admissibility of convictions for infamous crimes; in fact, after its promulgation, a final conviction of an infamous crime was no longer *per se* admissible.  *See Giddens* 335 Md. at 213–14, 642 A.2d at 874; *Beales*, 329 Md. at 270–73, 619 A.2d at 109–110.  Almost identical to its predecessor, Maryland Rule of Evidence 5–609[4] contains a *per se* exclusion provision, § (b),

---

4.  Because this case arose after the promulgation of the Maryland Rules of Evidence, and Rule 5–609 is almost identical to former Maryland Rule 1–502, I will set out Rule 5–609:

(a) *Generally.*  For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime shall be admitted if elicited from the witness or established by public record during examination of the witness, but only if (1) a crime was an infamous crime or other crime relevant to the witness's credibility and (2) the court determines that the probative value of admitting this evidence outweighs the danger of unfair prejudice to the witness or the objecting party.

(b) *Time limit.*  Evidence of a conviction is not admissible under this Rule if a period of more than 15 years has elapsed since the date of the conviction.

(c) *Other limitations.*  Evidence of a conviction otherwise admissible under section (a) of this Rule shall be excluded if:

(1) the conviction has been reversed or vacated;

(2) the conviction has been the subject of a pardon;  or

(3) an appeal or application for leave to appeal from the judgment of conviction is pending, or the time for noting an appeal or filing an application for leave to appeal has not expired.

(d) *Effect of plea of nolo contendere.*  For purposes of this Rule, "conviction" includes a plea of nolo contendere followed by a sentence, whether or not the sentence is suspended.

pursuant to which all prior convictions for crimes which otherwise would impeach a witness, but which are more than 15 years old, are inadmissible. Moreover, all of the prior convictions sought to be admitted to impeach a witness are made subject to a balancing of the probative value admission of the conviction has against its prejudicial effect. Maryland Rule 5–609 was promulgated December 15, 1993, to take effect July 1, 1994.

To be admissible under Maryland Rule 5–609, the prior conviction must be a final conviction, § (c), of an infamous crime, or one relevant to credibility, § (a)(1), which is less than 15 years old, § (b), and whose probative value has been determined by the trial court to outweigh its prejudicial effect on the witness, § (a)(2). No longer is the admissibility of evidence of a prior conviction solely dependent upon the nature of the crime, *i.e.* whether it was a felony or involved moral turpitude. Moreover, the burden of proof of admissibility is on the proponent of the evidence, in this case the State. *United States v. Mahone,* 537 F.2d 922, 929 (7th Cir.1976), *cert. denied,* 429 U.S. 1025, 97 S.Ct. 646, 50 L.Ed.2d 627 (1976).

Before trial, the appellant moved *in limine* to preclude the State's use of his prior convictions for theft and theft related offenses to impeach his testimony, pointing out that the charge on trial was theft. The court overruled that motion, observing:

> With respect to the theft conviction guilty from March of 1991, again, as I understand the law as it stands at this point under the Maryland Rules of Procedure, the court is required, you know, [to] have a hearing, weigh and assess the issues of the prejudice to defendant, the probative value.

> I understand that this defendant is on trial here for theft. I understand the potential harm, but I also understand that it is the court's obligation to balance all of these things, considering again that theft is one of those crimes for which there has never been an issue or question about its relevance regarding credibility. It is one of those crimes which

is in and of itself involved with dishonesty, so I think that is certainly a very strong factor in favor of its use for impeachment purposes.

In this case, the charges go back to March of 19— or the convictions go back to March of 1991. It is fairly recent memory. It is not so remote as to perhaps not have bearing. I don't think that any and every defendant charged with theft is entitled to have impeachment evidence excluded because he is on trial for the same thing again. And in this case, I am satisfied that the State, if the defendant refuses to testify, may inquire as to the conviction for the fairly recent theft in March of 1991.

Previously, the court had stated:

As to the other case, ... considering the relatively recent conviction, not just one but two specifically for theft and a third for conspiracy to commit theft, I understand that this also involves a theft charge. But under your argument, Mr. Goldstein, no one would be able to bring up prior theft for somebody who was charged with a theft.

If it were more remote in age and time, if it were closer to the outer limits, then I think the prejudice would increase and the probative effect diminish. But considering that it is within fairly recent memory you are talking about three instances arising out [of] the same—or as to the March '91 guilty, your motion is denied.

The majority relies on these comments as evidence that the trial court was aware of the issues and understood its responsibility to conduct a weighing process. Perhaps because the trial court's comments clearly do not reflect the manner in which it conducted the weighing, the majority undertakes to balance the five factors, developed in the federal courts, it adopts to aid in the weighing process, in order to determine whether the trial court abused its discretion.

The five factors developed by the federal courts are: (1) the impeachment value of the prior crimes; (2) the similarity between the past crime and the charged crimes; (3) the point in time of the conviction and the defendant's subsequent

history; (4) the importance of the defendant's testimony; and (5) the centrality of the defendant's credibility. *See e.g. Gordon v. United States,* 383 F.2d 936, 940 (D.C.Cir.1967), *cert. denied,* 390 U.S. 1029, 88 S.Ct. 1421, 20 L.Ed.2d 287 (1968); *Mahone,* 537 F.2d at 929. The majority concludes that four of the five factors weigh in favor of the admission of the prior convictions. The first factor augurs in favor of admissibility of the convictions because, the majority says, of the deceitfulness inherent in theft and theft related offenses and the universal recognition that theft is conduct which adversely reflects on a witness' honesty. 340 Md. at 721, 668 A.2d at 16, (citing *Beales,* 329 Md. at 270, 619 A.2d at 108); *see Gordon,* 383 F.2d at 940. The majority concedes that the similarity of the prior convictions to the crime on trial favors inadmissibility. *Id.* It then observes that the prior convictions were less than three years old and, therefore, concludes that the third factor weighs in favor of admissibility. *Id.* It weighs the final two factors against the appellant because "[t]he appellant's credibility clearly is essential to this case; therefore, it was important for the State to be able to present evidence bearing on credibility." 340 Md. at 721–22, 668 A.2d at 16.

The majority acknowledges that the factors should not be applied mechanically. 340 Md. at 717–18, 668 A.2d at 4. That, however, is precisely what the majority promptly proceeded to do. Indeed, the effect of the majority opinion is to provide a road map for trial judges on how to render infamous crimes and crimes bearing on credibility *per se* admissible, a result totally inconsistent with our promulgation of former Rule 1–502 and Maryland Rule of Evidence 5–609. Under the majority opinion, a trial court is enabled to admit into evidence, for impeachment purposes, a defendant's prior conviction, which is identical to the crime on trial, simply by uttering the magic words: I am aware of my responsibilities under Rule 5–609 to weigh the probative value of the conviction against its prejudicial effect; no rationale counterbalancing the prejudicial effect of the prior similar or identical conviction need appear in the record and the trial court is not required to

articulate one. I believe, therefore, that the review mandated by the majority opinion discourages, rather than encourages, a substantive and thorough analysis of the balance between prejudice inherent in a prior conviction and the probative value attributable to its admission.

To be meaningful, the weighing process mandated by Rule 5–609 must take into account each factor bearing on the achievement of a proper probative-prejudicial balance and the relationship of each of those factors to each other. This is especially true of factors (1), (2) and (3). I am prepared to consider factors (4) and (5) as being a wash, they counterbalance and negate each other.[5] Focusing on factors (1), (2) and (3), it becomes rather obvious that the third factor, in most instances, will be the key to a proper analysis.

Where the prior conviction is for an infamous crime or one affecting credibility, the first factor invariably will favor admissibility. On the other hand, the second factor, similarity of the prior conviction to the crime on trial, almost always will favor inadmissibility. Nevertheless, the tendency of the prior conviction to impeach the credibility of the defendant and the prejudice attending the fact that it is similar to the crime on trial will impact, and color, the third factor. It is not simply that the prior conviction is within the universe of admissibility that is important or that provides a basis upon which to conclude that it is admissible or inadmissible; rather, what is important are the nature of the crime underlying the prior

---

5. I am puzzled as to how the majority could reach a balance in which both factors (4) and (5) weigh in favor of admissibility. It seems to me that, in our search for truth, it is most desirable that the defendant be in a position, if not encouraged, to testify. It is the antithesis of our system to discourage a defendant's testimony. *Gordon*, 383 F.2d at 940–41. Thus, factor four favors the inadmissibility of the prior convictions, since we would want to encourage the defendant's testimony. *State v. McClure*, 298 Or. 336, 692 P.2d 579, 586 (1984). On the other hand, I recognize that, as the importance of the defendant's testimony and credibility increases, so too does the need for the State to impeach him or her. *Id.* Thus factor (5) almost always will favor the admissibility of the prior convictions. *Gordon*, 383 F.2d at 940–41. When considered together, therefore, neither outweighs the other and, hence, is a wash, as I have indicated. *McClure*, 692 P.2d at 591.

conviction and its impact, in terms of its tendency to affect credibility and the prejudice it portends to the defendant. Those factors also determine whether the prior conviction is admissible. In other words, recentness of a prior conviction cannot be considered in a vacuum.

Surely, it cannot be doubted that prejudice to the defendant attends every attempt by the State to introduce evidence of a prior conviction. *See e.g. Ricketts,* 291 Md. at 703–04, 436 A.2d at 907–08; *Bane,* 73 Md.App. at 142, 533 A.2d at 313. As we have seen, there is, in such cases, a danger that the jury will perceive the defendant as a bad person simply because the defendant has the prior conviction. On the other hand, when the crime for which the defendant previously has been convicted is one that has a direct relationship to credibility, the danger of the jury misusing the evidence is lessened. Consequently, where the prior conviction is for perjury, for example, and the defendant is on trial for a charge other than perjury, the relationship of perjury to credibility reasonably could be determined to outweigh the prejudice inherent in its admissibility. And the more recent the conviction for perjury, the more probative the evidence. Conversely, when the prior conviction is for a crime whose effect on credibility is not so clear, the danger of its misuse by the jury is significantly increased and the opposite conclusion reasonably may be reached, *i.e.,* that the prejudice of introducing it outweighs the probative value.

When the prior conviction is for a crime that is similar or identical to the crime on trial, the risk of prejudice increases significantly, as our cases recognize. *Woodland,* 337 Md. at 526–27, 654 A.2d at 1317–18; *Giddens,* 335 Md. at 221, 642 A.2d at 878 (citations omitted); *Ricketts,* 291 Md. at 703, 436 A.2d at 908. This is true whether or not the prior conviction is for a crime directly affecting credibility. When the past conviction is for a crime directly affecting credibility, the risk that the jury will misuse the evidence is not as great as it would be if the conviction was a crime not directly affecting credibility, to be sure; nevertheless, the risk of misuse still exists.

A similar analysis applies to factor (3). Rule 5–609 recognizes that the proof that a defendant has been convicted of a crime, any crime, be it 15 years old or one month old, is prejudicial to that defendant. The rule also recognizes, if only by negative implication, that the more recent the conviction the more probative its impeachment value. To say that a conviction that is within 15 years is probative is not to say, however, that the probative value of that conviction is such that it outweighs its prejudicial impact. That determination may only be made in light of the nature of the offense and the context in which it is offered. In other words, a prior conviction for theft which is only two years old has a greater probative value than a prior conviction for theft which is six years old. On the other hand, the added probative value of the former may not overcome the prejudicial impact of that conviction when offered in a prosecution for theft. Just as the more recent the conviction, the greater its probative value for impeachment purposes, so too is the prejudicial impact of a recent conviction greater than an older one, when the prosecution in which it is offered is for the same or a similar offense. Just as a jury is likely to believe that because a defendant has committed a particular kind of crime once before, he or she is likely to have committed this one, the more recent that prior conviction, the more rational that conclusion becomes. Thus, not only is the recentness of the prior conviction relevant, so too is the nature of the offense for which the conviction was had and the nature of the crime for which the defendant is being tried. In short, in analyzing the timing of the prior conviction, more than when the offense occurred must be considered. Because the danger of the jury's misuse of the evidence is important, how the jury may be affected by the more recent prior conviction must also be addressed.

In this case, it can be gleaned from the trial court's comments that it was aware of its responsibility to conduct a weighing process to determine whether admitting the prior conviction was more probative than the prejudice admitting it would entail. It is also clear that the trial court appreciated, and considered, that the crime for which the appellant had

previously been convicted was one relevant to credibility, and, therefore, "is certainly a very strong factor in favor of its use for impeachment purposes." Moreover, the trial court considered how recent the offense was, concluding that "[i]t is not so remote as to perhaps not to have bearing." It did not, however, analyze the issue in light of any other factors; it addressed it in a vacuum. While the trial court considered the similarity of the crime, the tenor of its comments suggests that its consideration focused on whether that factor precluded the admission of the prior convictions altogether, *i.e.*, whether it rendered the prior conviction *per se* inadmissible. The majority also focuses on the timing of the prior conviction in isolation, failing to consider factors (1) and (2) and whether taking them into account would have required a different conclusion. The majority, like the trial court, rejects all notions of *per se* inadmissibility of prior convictions for the same or similar crime as that on trial.

The issue in this case is not whether the prior convictions are *per se* inadmissible because they are for the same or similar crime; rather it is the admissibility of the prior convictions for impeachment purposes. As indicated, *supra*, the State bears the burden of proof in that regard. Focusing on the issue as if it were one of the *per se* inadmissibility of the prior convictions tends to confuse the issue since, as the proponent of that position, the burden of proof of that issue would seem to be on the defendant. *Williams v. State*, 322 Md. 35, 41, 585 A.2d 209, 212 (1991) (citations and footnote omitted). In any event, trial counsel did not argue *per se* inadmissibility. Indeed, counsel argued that similarity of the prior conviction to the crime on trial, coupled with the fact that the prior convictions were sought to be introduced against the defendant, rather than a witness, *see Woodland*, "[heightened] the scrutiny." Nor do I read the argument of appellate counsel to be that prior convictions for crimes similar or identical to those on trial are *per se* inadmissible. As I understand her argument, it is that the State has a higher burden to meet in justifying the admission of a prior convic-

tion when the prior conviction is for a crime similar to that on trial.

There is nothing in this case, beyond what is present in every case, certainly nothing articulated by the trial court or pointed out by the majority, or reflected in the record, to suggest anything that would tip the scales in favor of admitting the prior conviction. Indeed, it may be that there are less reasons for admitting the evidence in this case than is present in the usual case. Here, there were two witnesses who testified as to the defendant's alibi. Consequently, the defendant's credibility was not so critical as would have been the case had the jury been called upon to choose only between the testimony of the State's witnesses and that of the defendant. *See United States v. Browne,* 829 F.2d 760, 764 (9th Cir.1987), *cert. denied,* 485 U.S. 991, 108 S.Ct. 1298, 99 L.Ed.2d 508 (1988). Nor is this a case in which the appellant's testimony, itself, provided a basis for admitting the prior conviction evidence. Whenever one accused of a crime denies committing the crime, that person portrays him or herself in a favorable light *vis-a-vis* the State. As the majority sees it, whenever an accused testifies as to his present status, to any past responsible position or activity, or suggests that he or she has a present position of significant responsibility, he or she presents a "stellar" picture for the jury, which entitles the State to offer contradictory evidence, including prior convictions for the same offense as that on trial. This underscores the *per se* admissibility aspect of the majority's holding.

The majority notes that the State did not stress the prior conviction in closing argument, suggesting, I assume, that the proof of the prior convictions were not very significant to the jury verdict. That observation does not, in my view, address the real issue. If the trial court abused its discretion in admitting the evidence, its error is not excused simply because the State did not take as full advantage of the error as it could have. In my view, as I have already made clear, the trial court abused its discretion.

Finally, the weighing process is designed to avoid the jury being exposed to the prejudicial effect of a prior conviction. Consequently, the abuse of discretion in exposing the jury to the prohibited conviction is not excused by a jury instruction advising it as to the limited purpose for which the conviction could be used. The danger that the jury will misuse prior conviction evidence is so great that such a limiting instruction can be effective only when given in connection with evidence of a prior conviction which properly has survived the sanitizing process, *i.e.* the probative value/prejudicial effect balancing.