784 A.2d 636

**James Elijah CALLOWAY**

v.

**STATE of Maryland.**

**No. 2701, Sept. Term, 2000.**

Court of Special Appeals of Maryland.

Nov. 2, 2001.

Nichole M. Zell, Asst. Public Defender (Stephen E. Harris, Public Defender, on brief), Baltimore, for appellant.

Sarah Page Pritzlaff, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., both of Baltimore and Jack Johnson, State's Atty. for Prince George's County, Upper Marlboro, on the brief), for appellee.

Submitted before HOLLANDER, JAMES R. EYLER and SONNER, JJ.

JAMES R. EYLER, Judge.

## Factual Background

On March 23, 2000, James Elijah Calloway, appellant, went to the Campus Way Exxon in Largo, Maryland to pick up his recently serviced vehicle. Appellant demanded to test-drive the vehicle before paying for the repairs. The station owner, Mr. Rishi Gosain, rode in the passenger seat while appellant drove. As to the sequence of events which followed, there was conflicting testimony presented at trial.

Appellant testified that because the vehicle did not function properly he drove Mr. Gosain back to the Exxon station and refused to pay the bill. When they reached the station, Mr. Gosain would not exit the vehicle without payment. Appellant then drove away from the station and repeatedly tried to get Mr. Gosain out of the vehicle. Mr. Gosain remained in the vehicle and yelled "carjack!". Finally, appellant stopped the vehicle, walked around to the passenger side, and pulled Mr. Gosain out of the side door.

Mr. Gosain testified that when he asked appellant to return the vehicle to the station, appellant refused. Appellant proceeded to throw Mr. Gosain's cell phone out the car window because he attempted to call 911. Appellant then stopped the vehicle, walked around to the passenger side, and physically attacked Mr. Gosain. Mr. Gosain testified that appellant ripped his shirt pocket, took $600.00, and knocked him unconscious.

Appellant was charged with robbery, second degree assault, and felony theft. On November 29, 2000, a jury in the Circuit Court for Prince George's County convicted appellant of second degree assault and acquitted appellant of robbery and felony theft. The court sentenced appellant to ten years incarceration and suspended four years of the sentence. As rephrased by us, appellant raises the following questions on appeal. Finding no error, we affirm the conviction.

### Questions Presented

I.  Did the circuit court err in allowing the prosecutor to make certain statements about race in closing argument?

II. Did the circuit court err in admitting evidence of appellant's prior conviction?

### Discussion

### I.  Closing Argument

Appellant contends the circuit court's failure to stop the prosecutor from commenting on race during closing argument diverted the jury's attention away from the facts of the case and forced appellant to address the issue in response. Appellant asserts that reference to race was improper because the issue was not raised during trial and was highly prejudicial.

■ "This determination of whether the prosecutor's comments were prejudicial or simply rhetorical flourish lies within the sound discretion of the trial court." *Degren v. State*, 352 Md. 400, 431, 722 A.2d 887 (1999) (citations omitted). An appellate court should not reverse the trial court unless there was a clear abuse of discretion that prejudiced the accused. *Id.*

In closing argument, the prosecutor stated:

I do want to take the opportunity to say one thing. It saddens me when this issue comes up, because I understand how people feel in this country as best that I can. I'm a person of descent that's other than that of the defendant and to the extent I sit here those kind of biases, prejudice in the country. It doesn't—

[Defense counsel]: Objection, Your Honor.

The Court: I'll let him make the argument. The issue has been raised.

[Prosecutor]: But, ladies and gentlemen, I was raised in a household and I was pushed in a baby carriage on the Lincoln Memorial when I was a baby by my parents. Listening to the words of Martin Luther King, I have heard

them not only repeated in this courtroom, but most recently I have heard people play the race card. Sometimes it's discussed when people come to the witness stand, play it to you.

Again, appellant's counsel objected and the court overruled the objection. The prosecutor then refrained from any further comments regarding race and continued with closing remarks.

Appellant's counsel responded in closing argument by addressing initially the issue of race. Appellant's counsel stated:

nobody's playing the race card unless it's the government. All right. My client got on the stand and told you his story. He says this is what the man said to me. I'm going to see that your black ass ends up in jail, something like that. It's not exactly the race card. I will suggest to you that the State's attorney is trying to play the race card. He's looking at an almost black jury. He wants them to listen to it. That's why he mentioned it.

In rebuttal, the prosecutor made no mention of race. Finally, the court properly instructed the jury that comments made in closing argument were not evidence.

Trial courts permit attorneys great leeway in presenting closing arguments. *Henry v. State*, 324 Md. 204, 230, 596 A.2d 1024 (1991). The general rule prohibits prosecutors from raising matters not in evidence during closing. *Degren*, 352 Md. at 433, 722 A.2d 887 (citing *Evans v. State*, 333 Md. 660, 679, 637 A.2d 117 (1994)). The rule is inapplicable in the instant case because the matter of race was raised during the trial. The following exchange took place between the prosecutor and appellant on cross-examination.

[The prosecutor]: He [the victim] didn't threaten you?

[Appellant]: He called me a Nigger.

[The prosecutor]: Before it's a black person. Now it's a different word. You are just trying to generate a little jury slur by that?

[Defense counsel]: Objection.

THE COURT: Sustained.

[Appellant]: He told me he will get my black ass in jail.

Defense counsel did not object and the issue of race was raised. In addition, Mr. Gosain, the victim, gave rebuttal testimony denying the use of a racial slur against appellant. The trial court correctly found that the issue of race was raised during the trial which opened the door to comments on closing.

Although " 'appeals to class prejudice ... are improper' ", *Wilhelm v. State,* 272 Md. 404, 414, 326 A.2d 707 (1974) (quoting *Wood v. State,* 192 Md. 643, 652, 65 A.2d 316 (1949)), "what exceeds the limits of permissible comment depends on the facts in each case, even where the remarks may fall into the same general classification." *Id.* at 415, 326 A.2d 707 (citations omitted). Even an improper remark does not necessarily compel reversal of a conviction unless the jury was actually misled or it was likely they were influenced to the prejudice of the defendant. *See Evans v. State,* 333 Md. 660, 679, 637 A.2d 117 (1994); *Dorsey v. State,* 276 Md. 638, 653, 350 A.2d 665 (1976); *Wilhelm,* 272 Md. at 415–16, 326 A.2d 707.

Here, the prosecutor's comments on race did not constitute an appeal to class prejudice. Appellant initially generated the issue of prejudice by alleging Mr. Gosain was racist. Appellant's testimony, although disputed and denied by Mr. Gosain, related to Mr. Gosain's motive to lie because of race. In closing, the prosecutor's comments had the effect of urging the jury **not** to let racial passions interfere with the facts of the case. The comments did not constitute an improper appeal to racial prejudice as a basis for deciding the verdict.[1] Accordingly, the trial court did not abuse its discretion in permitting race to be addressed in closing.

---

1. The question of whether the prosecutor's comments were improper because they were the expression of a personal opinion is not before us.

## II. Prior Conviction

■ At trial, over objection, the court permitted the prosecutor to impeach appellant's credibility with evidence of a prior conviction for felony auto theft. Appellant contends that evidence of the prior conviction was inadmissible because the danger of unfair prejudice outweighed the probative value of the evidence. Appellant argues the impeachment evidence lacked probative value because the prior conviction was over twelve years old and was prejudicial because it was for felony auto theft, a crime similar to the current charges.

■ Under Maryland Rule 5–609, a trial court has discretion over the admissibility of impeachment evidence of a prior conviction. An appellate court gives great deference to the trial court's exercise of discretion and will not disturb that discretion unless it is clearly abused. *Jackson v. State,* 340 Md. 705, 719, 668 A.2d 8 (1995). Here, the court balanced the proper factors in admitting evidence of appellant's prior conviction.

At issue is whether the trial court abused its discretion. Maryland Rule 5–609 imposes three requirements for admitting impeachment evidence of a prior conviction. Md. Rule 5–609 (2001). First, the conviction must be for either an infamous crime or a crime directly relevant to credibility. Appellant does not dispute that a prior conviction for felony auto theft is relevant to credibility. Second, the conviction must be less than fifteen years old. Appellant's prior conviction was twelve years old and within the permissible time frame. Third, the court must balance the probative value against the prejudicial effect of the evidence.

The trial court did not abuse its discretion in determining that probative value outweighed the prejudice.[2] Upon appellant's motion *in limine* to exclude the felony auto theft conviction, the trial court found:

---

**2.** The acquittal on the theft-related crimes reveals that the jury properly considered the impeachment evidence for determining credibility and not as propensity evidence.

The rule that governs this is Rule 5–609.... The evidence of conviction is not more than fifteen years. See sub paragraph B doesn't apply. The Court has to find it's an infamous trial or some other crime as far as reliability. I'm finding it, I'm weighing the balancing test the Appellate Court asked us to undergo. I have undergone it. I believe it's an appropriate rule as to his credibility outweighs the prejudice. It's obviously the prejudice is not outweighed by the probative value. Accordingly the motion is denied.

Although the statement "the prejudice is not outweighed by the probative value" suggests the prior felony theft conviction is inadmissible, the statement is inconsistent with the assertion "I believe it's an appropriate rule as to [appellant's] credibility outweighs the prejudice." The context clearly indicates that the court misspoke and found that probative value outweighed prejudice. Appellant does not seriously contend to the contrary. Accordingly, consistent with the requirements under Maryland Rule 5–609, the trial court made findings on the nature of the prior conviction and the timing of events, and applied the proper balancing test.

In *United States v. Mahone*, 537 F.2d 922 (7th cir.1976), the court established five factors for weighing the probative value of a prior conviction against the prejudicial effect. Maryland has adopted the following *Mahone* factors:

(1) the impeachment value of the prior crime; (2) the point in time of the conviction and the defendant's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the defendant's credibility.

*Jackson v. State*, 340 Md. 705, 717, 668 A.2d 8 (1995)(citing *Mahone*, 537 F.2d at 929). *Mahone* is helpful in the instant case. First, a crime of theft is directly relevant to credibility. Second, the twelve year old conviction falls within the fifteen year period and despite the remoteness is still probative because it directly relates to credibility. Third, although the similarity of the prior conviction and charged offenses weighs against admissibility, as noted previously in this opinion, the

jury acquitted appellant of the theft-related charges. Fourth and fifth, the facts of the incident were in dispute making appellant's testimony and credibility central to the case. Factors one, four, and five weigh heavily in favor of the State; factor two is slightly in favor of appellant; and factor three is neutral. Application of the *Mahone* factors bolsters the trial court's finding that the probative value of the prior conviction outweighed the prejudice.

▮▮ Appellant makes a final argument that the prosecutor exacerbated the prejudice of the prior conviction by referring to it in closing argument. We find no merit in this argument. The prosecutor's comment was made in rebuttal argument to defense counsel's closing. The State may respond to comments made by defense counsel in closing argument. *Henry v. State,* 324 Md. 204, 232, 596 A.2d 1024 (1991).

The trial court applied the proper requirements, considered the appropriate factors, and properly exercised its discretion.

**JUDGMENT AFFIRMED; COSTS TO BE PAID BY APPELLANT.**