Merrimack
No. 88-360

FAMILY BANK AND TRUST

v.

WALTER W. WHITE

November 16, 1989

*Myers, Jordan & Gfroerer*, of Concord (*Michael G. Gfroerer* and *Eric E. Nord* on the brief, and *Mr. Gfroerer* orally), for the plaintiff.

*Rinden Professional Association*, of Concord (*Paul A. Rinden* on the brief and orally), for the defendant.

### MEMORANDUM OPINION

JOHNSON, J. The defendant appeals from a judgment in favor of Family Bank and Trust (the Bank), awarding the Bank the balance due on a loan extended to the defendant, as well as attorney's fees for the collection of the loan. The defendant claims that the Superior Court (*Dickson*, J.) erred in (1) awarding the Bank a portion of the loan that the defendant subsequently loaned to an employee of the Bank and (2) awarding the Bank attorney's fees which resulted from efforts to collect the loan. We affirm.

In August of 1984, the defendant, Walter W. White, received a $17,000 loan from the Bank to purchase his share of equipment and inventory to open a restaurant. The loan was approved by Frank Duris, the Bank's president and the only person at the Bank who possessed the necessary authority to approve such a loan.

Since Duris was on vacation, the closing was handled by Donald Golden, a bank employee and a long-standing acquaintance of White's. Several weeks earlier, Golden had asked White for a $4,000 loan because he was in financial trouble, but White refused or was unable to make such a loan at that time. When White came to the Bank for the closing, Golden again requested that White loan him $4,000. White then agreed, deposited the $17,000, and thereafter obtained a money order in the amount of $4,000. He subsequently gave the money order to Golden, but did not receive a promissory note or other evidence of the loan.

White defaulted on the original $17,000 note to the Bank, and on December 31, 1984, he executed a renewal note in the amount of $15,716.13. At that time, White told Duris about the $4,000 loan to Golden; Duris, in turn, informed the Bank Commissioner. White defaulted on this renewal note as well, and the Bank, through counsel, sought to collect the amount due. White responded by arguing that the Bank could not collect the entire amount on the

note because the $4,000 of the proceeds which he loaned Golden was an illegal loan prohibited by RSA 384:18, and could not, therefore, be enforced against White.

On October 1, 1986, the court granted the Bank partial summary judgment in the amount of $11,716.13, the amount of the note minus the contested $4,000, but the Bank was forced to seek a writ of execution to obtain payment. The matter was then heard in the superior court, and the Bank was awarded the $4,000, plus interest, attorney's fees and other costs of collection. White appeals from this verdict.

White claims that he was not obligated to make payment to the Bank on the amount he loaned to Golden because the loan was illegal and unenforceable by the Bank. His claim is based on RSA 384:18, which states as follows:

> "*Prohibited Fees, etc.* No officer or employee of an institution under the supervision of the bank commissioner shall directly or indirectly receive any fee, present, or benefit whatever from any borrower or applicant for a loan from such institution as an inducement to making the loan, or from any one negotiating securities to the institution, except the usual compensation for drawing mortgages and other papers pertaining to the loan; nor shall any such officer or employee negotiate loans in his own behalf with himself as an official of the bank."

The plain meaning of this statute is that it prohibits a bank officer or employee from receiving a "fee, present, or benefit" from a borrower as an "inducement" for the Bank to make a loan to the borrower. *See Petition of Jane Doe*, 132 N.H. 270, 276–77, 564 A.2d 433, 438 (1989) (law must be construed in manner consistent with its plain meaning). We find no inducement here for several reasons, and hence the statute does not come into play.

First, the loan from White to Golden was made *after* the Bank's loan to White was approved by the Bank's president, Frank Duris. The plain meaning of the statute is that the "inducement" to the bank officer or employee must be a condition precedent to the making of the loan. Second, Golden had no authority to approve the Bank's loan; hence, whatever arrangement he may have had with White did not "induce" the Bank to make the loan, since Golden was not an authorized officer or employee empowered to approve the loan. In fact, the loan was approved by Duris, and there is no evidence that Duris knew of Golden's requests to White to loan him funds to clear up his debts or was influenced by Golden in

deciding to make the loan. Finally, White never claimed that his discussions with Golden were intended to induce the Bank to make a loan that it otherwise would not have made. The facts lead inescapably to the conclusion that neither Golden, as the Bank's employee, nor Duris, as the Bank's president, were induced to make the loan to White because of Golden's desire to receive a "fee, present, or benefit whatever from [White]." We therefore hold that the trial court did not err in awarding the Bank the $4,000 owing on White's note.

The defendant next claims that the allowance of $3,070.50 in attorney's fees to the Bank was error. There is no dispute that the Bank, upon default on the promissory note by White, was entitled to attorney's fees. The Bank's initial claim was for $15,716.13. It was only after partial summary judgment was granted, and a writ of execution was issued, that most of the loan was recovered, and the dispute boiled down to the $4,000 loan between White and Golden. The trial court had before it the entire file, including all of the pleadings and discovery, as well as the bills submitted by counsel to the Bank listing the time expended to collect the loan. A trial judge does not need expert testimony, as claimed by White, to determine whether a fee is reasonable based on a review of the file and the bills submitted. *See Couture v. Mammoth Groceries, Inc.*, 117 N.H. 294, 296, 371 A.2d 1184, 1186 (1977).

It is within the sound discretion of the trial court to determine whether the attorney's fees are reasonable, and we find no abuse of discretion in this case.

*Affirmed.*

All concurred.