654 A.2d 1314

**STATE of Maryland**

v.

**Yancey J. WOODLAND.**

**No. 91, Sept. Term, 1994.**

Court of Appeals of Maryland.

March 8, 1995.

Gary E. Bair, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., on brief), Baltimore, for petitioner.

Michael R. Braudes, Asst. Public Defender (Stephen E. Harris, Public Defender, on brief), Baltimore, for respondent.

Argued before ELDRIDGE, RODOWSKY, CHASANOW, KARWACKI, BELL and RAKER, JJ., and JOHN F. McAULIFFE, J. (Retired and Specially Assigned).

RAKER, Judge.

This case presents the question of whether a witness's prior conviction for possession of controlled dangerous substances with intent to distribute is admissible for purposes of impeachment under Maryland Rule 1–502.[1] We hold that it is.

## I.

On March 21, 1992, on a street corner in Baltimore City, Jonathan Brickus was confronted by a stranger who claimed that Brickus had bumped into him. Brickus apologized, but the stranger was not satisfied; he punched Brickus in the back of the head, almost knocking him down, and then pulled

---

1. Maryland Rule 1–502, which was in effect when Woodland was tried, was rescinded effective July 1, 1994. Maryland Rule 5–609, which now governs the admissibility of convictions for impeachment purposes, is nearly identical to former Rule 1–502 and would lead to the same result we reach in this case. Former Rule 1–502 provided as follows:

   **Rule 1–502. IMPEACHMENT BY EVIDENCE OF CONVICTION OF CRIME**

   (a) **Generally.**—For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime shall be admitted if elicited from the witness or established by public record during cross-examination, but only if the crime was an infamous crime or other crime relevant to the witness's credibility and the court determines that the probative value of admitting this evidence outweighs the danger of unfair prejudice to the witness or the objecting party.

   (b) **Time Limit.**—Evidence of a conviction under this Rule is not admissible if a period of more than 15 years has elapsed since the date of the conviction.

   (c) **Other Limitations.**—Evidence of a conviction otherwise admissible under section (a) of this Rule shall be excluded if:

   (1) the conviction has been reversed or vacated;

   (2) the conviction has been the subject of a pardon; or

   (3) an appeal or application for leave to appeal from the judgment of conviction is pending, or the time for noting an appeal or filing an application for leave to appeal has not expired.

   (d) **Effect of Plea of Nolo Contendere.**—For purposes of this Rule, "conviction" includes a plea of nolo contendere followed by a sentence, whether or not the sentence is suspended.

out a handgun and fired two or three shots at him. The assailant then left the scene. Approximately one week later, Brickus looked at photograph books at the police station and picked out two different photographs, both depicting the respondent, Yancey Woodland. A few days thereafter, the police presented Brickus with a photographic array consisting of six pictures, and he again selected a picture of Woodland.

Woodland was subsequently charged by information with assault with intent to murder, the use of a handgun in the commission of a crime of violence, in violation of Maryland Code (1957, 1992 Repl.Vol., 1993 Cum.Supp.) Art. 27, § 36B(d),[2] and related offenses. At his jury trial in the Circuit Court for Baltimore City, the dominant issue was identification. Brickus, testifying for the State, described the incident and identified the respondent as the perpetrator. The sole defense witness was Timothy Banks, an acquaintance of Woodland's, who testified that he saw the shooting. Banks claimed that the actual culprit was not Woodland, but rather a young man from New York who had been frequenting that neighborhood; Banks said he had met the assailant but could not identify him by name.

Prior to Banks's testimony, out of the presence of the jury, the trial court considered the admissibility of Banks's prior convictions as impeachment evidence. The judge ruled that one of Banks's two robbery convictions was admissible, but excluded the other on the ground that it was too remote. Banks's third conviction, for possession with intent to distribute controlled dangerous substances, was ruled admissible.

Woodland was found guilty of assault with intent to murder and use of a handgun in the commission of a crime of violence. He noted a timely appeal to the Court of Special Appeals. In an unreported opinion, the intermediate appellate court reversed Woodland's conviction, holding that a conviction for possession of controlled dangerous substances with intent to

---

**2.** Unless otherwise specified, all statutory cites herein are to Maryland Code (1957, 1992 Repl.Vol., 1993 Cum.Supp.) Art. 27.

distribute is not admissible to impeach credibility. 100 Md. App. 810. We granted a writ of certiorari on the State's petition, and we reverse.

## II.

### A.

■ The issue in this case falls squarely within our holding in *State v. Giddens*, 335 Md. 205, 642 A.2d 870 (1994).

In *Giddens*, the defendant was convicted of assault. At his trial, the defendant, testifying in his own behalf, was impeached with a prior conviction for distribution of cocaine. The jury returned a verdict of guilty. The Court of Special Appeals reversed the conviction on the ground that the distribution conviction should not have been admitted to impeach Giddens. *Giddens v. State*, 97 Md.App. 582, 631 A.2d 499 (1993), *rev'd*, 335 Md. 205, 642 A.2d 870 (1994).

Issuing a decision in the instant case five weeks before we filed our opinion in *Giddens*, the Court of Special Appeals found this case to be indistinguishable from that court's opinion in *Giddens* and reversed Woodland's conviction. We agree that the two cases are indistinguishable, and therefore, based on our decision in *Giddens*, we reverse the Court of Special Appeals and affirm the judgment of the circuit court.

In *Giddens*, we concluded that a prior conviction for cocaine distribution is relevant to a witness's credibility, and thus is within the "eligible universe" of convictions that may be used for impeachment purposes. We noted, " '[A] narcotics trafficker lives a life of secrecy and dissembling in the course of that activity, being prepared to say whatever is required by the demands of the moment, whether the truth or a lie.' " *Giddens*, 335 Md. at 217, 642 A.2d at 876 (alteration in original) (quoting *United States v. Ortiz*, 553 F.2d 782, 784 (2d Cir.), *cert. denied*, 434 U.S. 897, 98 S.Ct. 277, 54 L.Ed.2d 183 (1977)). We held, moreover, that a conviction for cocaine distribution is relevant to credibility, without regard to the

specific facts underlying the conviction. *Id.* 335 Md. at 222, 642 A.2d at 878.

The prior convictions involved in *Giddens* and in this case—for distribution of controlled dangerous substances and for possession with intent to distribute controlled dangerous substances, respectively—are prohibited within the same statute and are subject to the same penalties. *See* Art. 27, § 286; *cf. Carter v. State,* 80 Md.App. 686, 693–94, 566 A.2d 131, 134–35 (1989) (a conviction for drug manufacturing, which is also proscribed by § 286, is admissible for impeachment). Whether an offense is charged in one form or the other depends only upon whether the defendant is caught before or after the distribution scheme is commenced, a mere fortuity. Moreover, both activities require secrecy; as a matter of business necessity, inventories will often be stashed and transactions will often be conducted where the light of the law is not expected to intrude. Our reasoning in *Giddens* is therefore as applicable to possession with intent to distribute drugs as to distribution, and we apply our holding in *Giddens* accordingly.

### B.

Woodland suggests that Banks's conviction may have involved marijuana rather than cocaine, and asserts that *Giddens* is distinguishable on this basis. This argument is of no avail.

Concededly, a drug conviction under § 286 might not, in a particular instance, involve the kind of furtive conduct that we have determined is indicative of bad character for veracity. *See Giddens,* 335 Md. at 217–18, 642 A.2d at 876. While this concern could be addressed by making the admissibility of a conviction for impeachment purposes turn on the particular facts of the offense, we considered and rejected this approach in *Giddens:*

> A trial court should never conduct a minitrial by examining the circumstances underlying the prior conviction. The Reporter's Note prepared by the Reporter of the Rules

Committee, accompanying an earlier proposal of Rule 1–502, supports this common-sensical approach.

"The Subcommittee intends that the offenses be viewed categorically and that the court *not* examine the specific facts underlying the prior conviction. The marginal gain in probative value on the question of credibility in a particular case [is] likely to be substantially outweighed by the expenditure of judicial resources necessary to examine the facts underlying prior convictions in every case."

*Id.* at 222, 642 A.2d at 878 (alteration in original). We adhere to this holding today. While many drug offenses may bear only a tenuous relationship to credibility, " 'of the [§ 286] cases which come before the trial and appellate courts of this state, rare are the ones that do not involve surreptitious behavior.' " *Id.* at 218, 642 A.2d at 876 (quoting *Giddens v. State,* 97 Md.App. at 596, 631 A.2d at 505 (Murphy, J., dissenting)).

## C.

Woodland's final argument is that the trial court failed to conduct the required balancing of probative value and prejudicial impact before permitting the impeachment of Banks with his drug conviction. We disagree.

■ Under Rule 1–502(a), a witness's prior conviction may be admitted for impeachment purposes "only if the crime was an infamous crime or other crime relevant to the witness's credibility and the court determines that the probative value of admitting this evidence outweighs the danger of unfair prejudice to the witness or the objecting party." This balancing must be conducted with respect to every conviction that is offered to impeach. *Beales v. State,* 329 Md. 263, 272, 619 A.2d 105, 109 (1993).

■ In the case before us, after the State declared its intention to use the drug conviction to impeach Banks, the following colloquy occurred between defense counsel and the court:

[DEFENSE COUNSEL]: As to the narcotics charge, Judge, that's discretionary.

THE COURT: And I will allow it. It's felony narcotics. The discretion is merely because of the defendant perhaps being on trial for narcotics. That outweighing its—

[DEFENSE COUNSEL]: I believe the discretion goes farther than that.

THE COURT: It does, but I see no reason why just because—

[DEFENSE COUNSEL]: I think Your Honor should still balance probative with—

THE COURT: I don't see that—in balancing it—this case has nothing to do with that subject.

Although the trial judge did not expressly describe the considerations that led her to conclude that Banks's drug conviction was admissible to impeach, we find that she engaged in the necessary balancing before admitting the evidence. There is no requirement that the trial court's exercise of discretion be detailed for the record, so long as the record reflects that the discretion was in fact exercised. *Id.* at 273–74, 619 A.2d at 110.

By the time defense counsel requested that the court balance probativeness and prejudice, the trial judge had already mentioned "outweighing" and recognized that she had the discretion to exclude the conviction (interruptions from defense counsel prevented her from fully explicating these thoughts). The discussion concluded with the judge referring to "balancing it." In light of these remarks and the "strong presumption that judges properly perform their duties," *id.* at 273, 619 A.2d at 110, we are persuaded that the trial court adequately conducted the balancing of probative value and potential prejudice required by Maryland Rule 1–502.

Moreover, we think the record supports the trial judge's ruling. The conviction was only two years old at the time of trial. Furthermore, the impeached witness was not the defendant, and the conviction offered to impeach the witness was

for a different offense from those charged in the pending information.

## III.

For the foregoing reasons, we hold that Banks's drug conviction was properly admitted for impeachment purposes. Accordingly, the judgment of the Court of Special Appeals is reversed. Because the intermediate appellate court addressed only two of three questions presented to it, we remand this case to that court for a decision on the remaining issue, the admissibility of identification evidence. If Woodland does not prevail on that issue, the Court of Special Appeals shall affirm his conviction.

*JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED; CASE REMANDED TO THAT COURT FOR FURTHER PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION; COSTS IN THIS COURT TO BE PAID BY THE RESPONDENT AND COSTS IN THE COURT OF SPECIAL APPEALS TO ABIDE THE RESULT.*

BELL, Judge, dissenting.

If the foundation on which the majority builds were sound, then the result it reaches would be correct; if a conviction for distribution of a controlled dangerous substance is admissible for impeachment purposes, pursuant to Maryland Rule 1–502, *see State v. Giddens,* 335 Md. 205, 642 A.2d 870 (1994), then it logically would follow that a conviction for possession of controlled dangerous substances with intent to distribute is also admissible for that purpose. For the reasons set forth in the dissenting opinion in *Giddens,* 335 Md. at 223, 642 A.2d at 878–79, I do not believe the majority's foundation is sound. I would affirm the judgment of the Court of Special Appeals.

ELDRIDGE, J., joins in the views herein expressed.