**William Nathaniel AUSTIN, Jr.,**
**# 221–138, Petitioner,**

v.

**Warden William SMITH and The Attorney General of Maryland, Respondents.**

**Civil No. MJG–95–649.**

United States District Court,
D. Maryland.

Jan. 5, 1996.

---

William Nathaniel Austin, Jr. (# 221–138), Jessup, Maryland, pro se.

J. Joseph Curran, Jr., Attorney General for the State of Maryland, and Kathryn Grill Graeff, Assistant Attorney General for the State of Maryland, Baltimore, Maryland, for respondents.

## *MEMORANDUM*

MALETZ, Senior District Judge.[1]

*Background*

The court has pending before it the petition of William Nathaniel Austin, Jr., for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner was convicted of possession and distribution of cocaine in the Circuit Court for Caroline County, Maryland, on July 17, 1992, following a one day jury trial. The petitioner timely appealed his conviction, and later brought a timely motion for post-conviction relief in the Maryland state courts. All of the claims to be assessed in this memorandum have been exhausted in the Maryland court system.

The petitioner was tried in a consolidated trial along with Traci Briggs. The testimony at trial, taken in the light most favorable to the verdict, established that the petitioner and his co-defendant acted in concert in selling a small piece of cocaine to an undercover police officer. The testimony established that after the officer negotiated a price for the cocaine with Ms. Briggs, the petitioner accompanied the officer while he procured correct change, transported the cocaine on his person, and exchanged the cocaine for the money with the officer.

The petitioner argues that his conviction was constitutionally defective for four separate reasons: (1) that the introduction of

1. Of the United States Court of International Trade, sitting by designation.

statements made by his co-defendant violated *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968); (2) that the introduction of those statements without the opportunity to cross-examine Ms. Briggs violated the Confrontation Clause; (3) that he was provided constitutionally defective counsel; and (4) that he was denied counsel at his preliminary hearing. For the reasons stated below, the petition will be denied.

*The "Bruton" Problem*

■ It is a violation of the Sixth Amendment for a defendant in a joint trial to have introduced the post-arrest confession of his co-defendant which inculpates both, where the co-defendant exercises her Fifth Amendment right not to testify. *Bruton v. United States,* 391 U.S. 123, 137, 88 S.Ct. 1620, 1628, 20 L.Ed.2d 476 (1968). The petitioner contends that precisely such a violation occurred during his joint trial with Traci Briggs. However, the record reveals that no such violation occurred. The trial judge noted the possibility of a *Bruton* problem and prevented the prosecution from introducing evidence of Traci Briggs' post-arrest statement. The only statements by Briggs which were introduced at trial were her comments during the course of the drug transaction. These statements were properly admitted either as co-conspirator statements, *see* Md.R.Ev. 5–803(a)(5), or because they did not include an assertion of fact. *See* Md.R.Ev. 5–801(a), (c) (hearsay requires an assertion of fact).[2]

*Inability to Cross–Examine Traci Briggs*

■ The petitioner contends that his Sixth Amendment right to confrontation was violated when statements by Traci Briggs were introduced into evidence through police testi-mony, and he was not afforded the opportunity to cross-examine her. The argument is without merit, because any statement by Traci Briggs introduced through police testimony either did not include an assertion of fact, or was introduced pursuant to an established exception to the hearsay rules. In such circumstances, the testimony has sufficient indicia of reliability in order to substitute for cross-examination, and is admissible even if the declarant does not testify. *Idaho v. Wright,* 497 U.S. 805, 813, 110 S.Ct. 3139, 3145, 111 L.Ed.2d 638 (1990).

*Ineffective Assistance of Counsel*

The petitioner contends that his trial counsel rendered ineffective assistance by introducing evidence that he was currently incarcerated for the same crime for which he was on trial, possession with intent to distribute cocaine.[3] He contends that evidence of this prior conviction would have been inadmissible if offered by the prosecution, that any competent attorney would have recognized that this evidence was inadmissible, and therefore no competent attorney would have introduced evidence of this conviction on direct examination to lessen the sting of it being elicited during cross-examination. The petitioner contends that evidence of this prior conviction unfairly prejudiced the jury against him and was the cause of his conviction.

The petitioner's argument fails, because the evidence was admissible under Maryland Rules of Evidence 5–404(b) and 5–609.[4] Rule 5–404(b) deals with admission of prior bad acts by a defendant, whether or not he testifies, while Rule 5–609 covers impeachment of

2. For example, the police testified that Traci Briggs told the petitioner, before leaving to obtain the correct change, she did not want him coming back with any police officers.

3. The petitioner also contends that the failure of counsel to prevent the *Bruton* and confrontation clause problems discussed above constituted ineffective assistance of counsel. As those claims are without merit, so are the derivative claims of ineffective assistance of counsel.

4. Maryland Rule 5–404(b) follows the text of Federal Rule of Evidence 404(b). Rule 5–609 differs significantly from Federal Rule of Evidence 609 and relevant parts are reproduced below.

> (a) Generally—For the purposes of attacking the credibility of a witness, evidence that the witness has been convicted of a crime shall be admitted if elicited from the witness or established by public record during examination of the witness, but only if (1) the crime was an infamous crime or other crime relevant to the witness's credibility, and (2) the court determines that the probative value of admitting this evidence outweighs the danger of unfair prejudice to the witness or objecting party.

any witness, including the defendant, with evidence of prior criminal convictions.

■ The Maryland Court of Appeals, in interpreting Maryland Rule 5–404(b) noted that it took an "exclusionary approach ... followed by an exception for those instances in which the evidence ... has special relevance, i.e. is substantially relevant to some contested issue in the case and is not simply to prove criminal character." *Harris v. Maryland*, 324 Md. 490, 500, 597 A.2d 956 (1991). In contrast, the Fourth Circuit has described Federal Rule of Evidence 404(b) as a "rule of inclusion." *Sparks v. Gilley Trucking Co. Inc.*, 992 F.2d 50, 51 (4th Cir. 1993). Despite the semantic difference, the Maryland courts adhere to the general rule that, "evidence of other bad acts may ... be admissible if it is relevant to offense charged on some basis other than mere propensity to commit crime." *Harris*, 324 Md. at 496, 597 A.2d 956.

The Maryland Court of Appeals has very recently rejected adopting a *per se* rule against admitting evidence that the defendant had been convicted of the same crime for which he was now on trial under Rule 5–609. *Jackson v. Maryland*, 340 Md. 705, 668 A.2d 8 (1995). In *Jackson*, the Court of Appeals was presented with the argument that allowing a defendant-witness to be impeached with evidence that he had been convicted of the same crime for which he was now on trial was necessarily more prejudicial than probative and therefore *per se* barred under Rule 5–609. The *Jackson* court rejected that holding.

> [W]e believe a per se rule barring same crime impeachment would deny trial judges needed flexibility. Establishing such a per se rule would have the additional undesirable effect of shielding a defendant who specializes in a particular crime from cross-examination regarding his specialty crime.

*Id.* 340 Md. at 714, 668 A.2d at 12. The *Jackson* court held that the decision of whether to admit "same-crime" evidence under Rule 5–609 was left to the discretion of the trial judge, who should rule after holding a "hearing on the record." *Id.* 340 Md. at 717, 668 A.2d at 14.

■ The defense which the petitioner put forward at trial made the prior conviction specially relevant. The petitioner claimed that he did not possess the crack cocaine involved, and that he was such a notorious user of crack cocaine that it was preposterous that any dealer would trust him to act as a conduit for distribution. In this circumstance, evidence that the petitioner had engaged in distribution in the past was relevant to rebut the petitioner's defense and indicate that a dealer might trust him to deliver cocaine. Thus, even under the *Harris* standard, the petitioner's prior conviction could have been introduced at trial. *See Howard v. Maryland*, 324 Md. 505, 513, 597 A.2d 964 (1991) (prior conviction for drug distribution admissible in order to show contested issue of intent).

As the evidence of the petitioner's prior conviction was admissible at trial, the decision of the petitioner's trial counsel to introduce that conviction during direct examination falls within the ambit of tactical decisions entrusted to counsel. *Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984) ("The court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable or professional assistance."). Trial counsel testified at the state post-conviction hearing that he had the petitioner testify to the prior conviction in order to preserve his credibility with the jury. Therefore, the petitioner's trial counsel did not provide ineffective assistance of counsel by introducing the prior conviction.

*Lack of Counsel at Preliminary Hearing*

The petitioner's final argument is that he was deprived of his right to have counsel present during his preliminary hearing. *White v. Maryland*, 373 U.S. 59, 60, 83 S.Ct. 1050, 1051, 10 L.Ed.2d 193 (1963) (preliminary hearing is a "critical stage" of the criminal process where counsel is necessary). The state court, in reviewing this claim, concluded that the petitioner did not have counsel during his preliminary hearing, but that this lack of counsel was due to a waiver on that right on his part. The petitioner con-

tends that he never waived his right to counsel.

In determining whether the petitioner was deprived of his Sixth Amendment right to counsel at the preliminary hearing, the court is bound to accept the findings of fact of the state court. *Demosthenes v. Baal,* 495 U.S. 731, 735, 110 S.Ct. 2223, 2225, 109 L.Ed.2d 762 (1990); 28 U.S.C. § 2254(d) (state court findings of fact "shall be presumed to be correct"). The Maryland Court of Special Appeals, sitting in habeas review, made the following findings of fact: (1) the petitioner was advised of his right to counsel on two separate occasions more than a month before his preliminary hearing; (2) the trial court emphasized to the petitioner the importance of obtaining trial counsel; (3) the trial court referred to the public defender's office; and (4) the petitioner did not promptly apply to the public defender's office. The Court of Special Appeals concluded that the petitioner waived his right to counsel.

Although we are bound to follow the state court's findings of facts, this court independently determines whether those facts set forth a constitutional violation. *Brewer v. Williams,* 430 U.S. 387, 403–04, 97 S.Ct. 1232, 1242, 51 L.Ed.2d 424 (1977). The Fourth Circuit has instructed that

> When a defendant seeks and is denied a last-minute continuance, the issue is not whether he has validly waived his right to counsel by a voluntary, properly informed choice to proceed *pro se, see Faretta v. California,* 422 U.S. 806, 835 [95 S.Ct. 2525, 2541, 45 L.Ed.2d 562] (1975), but the quite different issue whether by a constitutional exercise of judicial discretion, he properly has been deprived of any choice but to proceed *pro se. See, e.g. Sampley [v. Attorney General of North Carolina],* 786 F.2d 610, 613–16 (4th Cir.), [*cert. denied,* 478 U.S. 1008, 106 S.Ct. 3305, 92 L.Ed.2d 719 (1986) ].

*United States v. Attar,* 38 F.3d 727, 735 n. 5 (4th Cir.), *cert. denied,* —— U.S. ——, 115

S.Ct. 1957, 131 L.Ed.2d 850 (1994). "[D]ilatoriness does not 'impliedly waive' the 'right to counsel' it simply negates any claim that the habeas petitioner has not been afforded, 'a fair opportunity to secure counsel of his choice'—the limit of the sixth amendment right." *Sampley,* 786 F.2d at 614 n. 2. Thus, the court will not address the conclusion of the state habeas court that the petitioner waived his right to counsel at the preliminary hearing, but rather whether the trial court violated the petitioner's Sixth Amendment rights by conducting the preliminary hearing despite the fact that the petitioner had not obtained counsel.

It is clear that the state court acted within its province in concluding that the failure of the petitioner to obtain counsel for the preliminary hearing was a dilatory tactic or otherwise unacceptable.[5] The petitioner was informed of the date of his preliminary hearing almost one month earlier, had been instructed to obtain legal representation from the public defender and yet took no action to procure those services. In a highly analogous situation, the Fourth Circuit denied habeas relief to a petitioner who had been forced to go forward without counsel where the defendant, "had failed for almost a full month to secure counsel that would be able to represent him when his case was finally called." *Id.* at 615. *See Ungar v. Sarafite,* 376 U.S. 575, 591, 84 S.Ct. 841, 850, 11 L.Ed.2d 921 (1964) (habeas relief denied where petitioner was forced to go to trial *pro se* after being given five days notice of trial date and had not obtained counsel); *Attar,* 38 F.3d at 735 (denying relief where defendant's dilatory conduct required him to face sentencing *pro se* ); *United States v. Gallop,* 838 F.2d 105, 110–11 (4th Cir.), *cert. denied,* 487 U.S. 1211, 108 S.Ct. 2858, 101 L.Ed.2d 895 (1988). Facing a defendant who had similarly refused to take the steps necessary to obtain counsel, the trial court did not violate the petitioner's constitutional rights by insisting that the preliminary hearing go forward.

---

5. At the preliminary hearing, the state court stated:

> You were arrested and processed on that in September, uh, you were charged with distri-

bution of cocaine. This is a preliminary hearing only. You have had ample time to get a lawyer in that, I am not going to postpone that preliminary hearing.

# 1250

### Conclusion

For all of the foregoing reasons, the petition for writ of habeas corpus brought under 28 U.S.C. § 2254 will be Denied.